LYNBROOK GARDENS, INC., Plaintiff, *v.* BERNARD C. ULLMANN, Defendant.*

Supreme Court, Special Term, Kings County, May 22, 1942.

* Affd., 265 App. Div. 859.

*Raphael W. Alpher* for plaintiff.

*E. J. Dimock, George Xanthaky* and *Arnold Frye* for the counties of Chautauqua, Chemung, Erie, Orange and Steuben; town of New Castle; cities of Amsterdam, Auburn, Batavia, Buffalo, Dunkirk, Elmira, Glens Falls, Jamestown, Lackawanna, Newburgh, New Rochelle, Rochester, Schenectady, Utica and Yonkers; villages of Blasdell, Cedarhurst, East Rockaway, Floral Park, Freeport, Garden City, Hempstead, Johnson City, Lynbrook, Malone, Mamaroneck and Valley Stream, *amici curiæ.*

*John E. Gaffney* and *J. Walter Augar* for defendant.

*Eugene R. Hurley* for Anne M. Leach, *amicus curiæ.*

DALY, J. In an action for the specific performance of two separate contracts wherein the plaintiff agreed to sell and the defendant agreed to purchase two parcels of real property located in the village of Lynbrook, Nassau county, New York, the defendant interposed an answer wherein he "admits all of the allegations contained in the complaint."

It appears that the plaintiff obtained title to the two parcels involved through mesne conveyances from the village of Lynbrook, which in turn obtained its title by foreclosure of tax liens in an action *in rem*, pursuant to title 3 of article VII-A of the Tax Law (Cons. Laws, ch. 60) of the State of New York, entitled: "Foreclosure of Tax Lien by Action *in Rem*."

The defendant now moves for judgment on the pleadings, pursuant to rule 112 of the Rules of Civil Practice, contending that said statute is unconstitutional in that it attempts to deprive a person of property without due process of law in violation of sections 1 and 6 of article I of the Constitution of the State of New York, and section 1 of the Fourteenth Amendment of the Constitution of the United States.

There are two causes of action alleged in the complaint. The first is predicated upon a contract wherein the plaintiff agreed to convey to the defendant a fee simple title to the parcel therein described, provided some or all of the taxes on said parcel were due and *unpaid* at the time that the village of Lynbrook had instituted the action *in rem* for the foreclosure of the tax liens against said parcel, which title would be good "against any and

all persons (including, without limiting the generality of the foregoing, the State of New York, infants, incompetents, absentees and non-residents) having any right, title, interest, claim, lien or equity of redemption in or upon such parcel as of the date of the execution of said deed from Arthur J. Morr, dated July 7, 1941, notwithstanding said persons did not have actual notice of any of the proceedings in said action." (Exhibit 4 annexed to the complaint and referred to in paragraph VII thereof.)

The second cause of action is predicated upon a contract wherein the plaintiff agreed to convey to the defendant a fee simple title to the parcel therein described under the same conditions as the parcel involved in the first cause of action, but "notwithstanding that all taxes upon which said action [*in rem* for the foreclosure of the tax liens against the parcel] was based had been *duly paid prior* to the institution of such action." (Exhibit 7 annexed to the complaint and referred to in paragraph XVII thereof.)

Thus, the difference between the first and the second causes of action is that in the first it was agreed that title would be accepted if any of the taxes were *unpaid* at the time of the institution of the action *in rem* for the foreclosure of the tax liens, and in the second it was agreed that title would be accepted notwithstanding that all taxes on which the action *in rem* was based had been duly *paid* prior to its institution.

It appears that the plaintiff tendered deeds to the property involved in both causes of action and the defendant rejected them on the ground that while the statute purported to vest title in the plaintiff, it was ineffective to do so because of its unconstitutionality. Parcels, which had been assessed to unknown owners and different from one another in respect to the payment of taxes above-described, were selected, and form the basis of this test suit.

I am of the opinion that the statute here challenged is not violative of either the State or the Federal Constitution. It is a cardinal principle of construction that "legislation should not be declared unconstitutional unless it clearly appears to be so; all doubts should be resolved in favor of the constitutionality of an act." (*Johnson* v. *City of New York*, 274 N. Y. 411, 430.)

The very statute here under consideration has already been challenged in the courts, and its constitutionality upheld. (*City of Utica* v. *Proite*, 178 Misc. Rep. 925; affd., 288 N. Y. 477; *Matter of City of New Rochelle* [*Serial Nos.* 13, 14, 20], 36 N. Y. Supp. [2d] 886; and *Matter of City of New Rochelle* [*Serial*

*Nos. 203, 206, 228, 232, 233, 624, 680, 748, 883*], 36 N. Y. Supp. [2d] 888.* See Comment (1942) 51 *Yale Journal*, p. 175.)

It is true that none of the above cases involved a parcel which had been assessed to an unknown owner and no question appears to have been raised as to the rights of infants, incompetents, nonresidents and absentees, but the statute has set up an *in rem* tax lien foreclosure proceeding in which the land is the only defendant that has to be named and opportunity is afforded to all persons interested therein to redeem it or serve an answer setting forth any defense or objections; and it is only upon failure to do so that he is barred and foreclosed of all his right, title and interest in and to the parcel described in the list filed by the judgment thereafter rendered. (Tax Law, § 165-a, subds. 1, 2.) As for any rights of infants or incompetents, et cetera, there is no requirement in this State of actual notice. As a matter of fact, where a statute permits foreclosure of a mortgage against unknown owners, the fact that it thereafter turns out that the unknown owner was an infant does not invalidate the title. (*Wheeler* v. *Scully,* 50 N. Y. 667.)

Counsel for Anne M. Leach, *amicus curiæ,* has made a point which, if upheld, will require a holding that the defendant was justified in rejecting the title tendered by the plaintiff with respect to the parcel involved in the second cause of action, notwithstanding the constitutionality of the statute. He urges that at the time of the institution of the foreclosure suit, the taxes listed in respect to said parcel were in fact paid in full and were not delinquent and that there were no unpaid taxes against the said real property.

The plaintiff urges, however, that the statute is carefully drawn to rest the jurisdiction upon the appearance of things rather than on the fact, for, by section 165 of the Tax Law a taxing district, which has adopted the provisions of title 3, may proceed *in rem* foreclosure "whenever it shall appear that a tax district owns a tax lien which has been due and unpaid for a period of at least four years." According to the plaintiff, therefore, the result is the same even though the taxes on which the *in rem* proceeding was based have actually been paid.

I am unable to agree with the view of the plaintiff in this respect. Granting that an opportunity is given to the owner to come into court and be heard in respect to his land listed for *in rem* foreclosure, it seems to me to be anomalous that a person may be lawfully deprived of his property because of tax liens when the taxes due on the property proceeded against *in*

---

*Affd., 264 App. Div. 867; leave to appeal denied, 264 App. Div. 956.—[Rep.

*rem* have actually been paid. Surely, a person who has paid the taxes assessed against his land has the right to assume that it is secure and has no reason to search lists filed in the County Clerk's office and the certain other offices set forth in sections 165-a and 165-b of the Tax Law to determine whether his property had been listed for foreclosure of a tax lien "which has been due and unpaid for a period of at least four years from the date on which the tax * * * became a lien * * *." (Tax Law, § 165.)

In *Bryan* v. *McGurk* (200 N. Y. 332), the plaintiff sued in ejectment, proving an unbroken chain of title. The defendant relied on a sale by the Comptroller for unpaid taxes purporting to be made for default in the payment of taxes and a deed from the State's grantee to himself. In rendering judgment in favor of the plaintiff, the court said (at p. 336): "The plaintiff clearly proved the payment of the taxes due on his property. * * * as he paid the full amount the state officers stated to be the amount of taxes, for which taxes they gave a receipt in full, the sale was invalid and no title passed to the purchaser. This was plainly a jurisdictional defect * * *."

Article VII-A is quite similar to articles 6 and 7 of the Tax Law which provide alternative methods of seizing and forfeiting lands for delinquent taxes. Under article VII-A, a court is authorized to direct the making of the conveyance, whereas in articles 6 and 7, the Comptroller or Treasurer is directly authorized to make the conveyance. The only other practical difference between the said statutes is that articles 6 and 7 contain drastic Statutes of Limitation tolling the right of former owners to attack the proceedings for failure of substantial compliance, whereas article VII-A has no such Statute of Limitation.

I do not believe that it was the intention of the Legislature in article VII-A to do any less for the owner who had paid the taxes than in a case where property was seized and sold by the State Comptroller or County Treasurer under articles 6 and 7. If the taxes were in fact paid, the court obtained no jurisdiction and as in the *Bryan* case (*supra*), no title passed to the purchaser under the conveyance made pursuant to the judgment of the court.

It has been held that "a court authorized by statute to entertain jurisdiction in a particular case only * * * acquires no jurisdiction, and its judgment is a nullity, and will be so treated when it comes in question, either directly or collaterally" where "it undertakes to exercise the power and jurisdiction

* * * to which the statute has no application." (*Risley* v. *Phenix Bank of City of New York*, 83 N. Y. 318, 337.) Thus in the instant case, the court acquired no jurisdiction over the property in the second cause of action since the element necessary to give jurisdiction, to wit: the existence of an unpaid tax, was not present at the time that the *in rem* action was instituted.

It is settled that a purchaser is not "compelled to take property, the possession of which he may be obliged to defend by litigation." (*Chesebro* v. *Moers*, 233 N. Y. 75, 81.) In my opinion, the defendant was justified under the circumstances in rejecting the alleged deed to the property involved in the second cause of action, not upon the ground of the unconstitutionality of the statute, but upon the ground that the court obtained no jurisdiction to direct a conveyance. Inasmuch as facts appear in the record which establish that the court had no jurisdiction, it does not matter that the defendant rejected title upon another ground. The fact of the matter is that plaintiff had no title.

Accordingly, the plaintiff is entitled to judgment, pursuant to the provisions of rule 112 of the Rules of Civil Practice, as prayed for in the first cause of action, and the defendant to judgment dismissing the second cause of action.