COLLECTOR OF REVENUE FOR the CITY OF ST. LOUIS, Missouri, Plaintiff-Respondent,

v.

PARCELS OF LAND ENCUMBERED WITH DELINQUENT TAX LIENS (SERIAL NUMBER 17–143), owner Harvey F. Euge, Defendant-Appellant.

No. 38051.

Missouri Court of Appeals, St. Louis District, Division One.

March 22, 1977.

Motion for Rehearing or Transfer Denied May 6, 1977.

Application to Transfer Denied May 6, 1977.

James E. Crowe, St. Louis, for Collector of Revenue.

Harvey F. Euge, pro se.

DOWD, Judge.

This suit for foreclosure of delinquent tax liens was instituted by the Collector of Revenue of the City of St. Louis, pursuant to The Municipal Land Reutilization Law, § 92.700 et seq., RSMo Supp.1971. Defendant-appellant, Harvey F. Euge answered, alleging that he is the record-owner of the property and that the tax liens were illegal because the taxes were excessive and that The Municipal Land Reutilization Law was unconstitutional under the United States and Missouri Constitutions. Following a hearing, at which defendant-appellant did not appear, the trial court ordered the liens foreclosed, entered judgment for plaintiff against defendant, and ordered sale of the property. Defendant-appellant appealed to the Supreme Court. In his notice of appeal he stated that the jurisdiction of the Supreme Court was based on the fact the appeal involved construction of the federal or state constitution and construction of the revenue laws of Missouri. In the jurisdictional statement he filed with the Supreme Court, appellant stated the Court had jurisdiction because the case called for construction of the State Constitution. On its own motion, the Supreme Court transferred the case to the Missouri Court of Appeals, St. Louis District, stating that jurisdiction is vested in this Court.

The appellant, who is not an attorney but a frequent litigant in this court, represented himself in the proceedings below and filed a pro-se brief here.

Appellant's first point is that the trial court erred in not declaring The Municipal Land Reutilization Law unconstitutional under article I, section 10 of the Missouri Constitution and the fourteenth amendment of the United States Constitution. Appellant does not request mere application of an established construction of the Constitution; he asks for construction of the State Constitution. However, we may not consider this point because we must treat the Supreme Court's transfer order as an adjudication that this Court has jurisdiction of the appeal and that the case does not involve issues of constitutional construction. *State v. Higgins*, 252 S.W.2d 641, 643[2] (Mo.App.1952).

Thus the only point left for our consideration is appellant's contention that the trial court judge was so prejudiced that the case should be remanded for proceedings before a different judge. We have carefully searched the record for evidence of prejudice against defendant-appellant on the part of the trial judge and have found none. This point is ruled against appellant.

The judgment is affirmed.

CLEMENS, P. J. and WEIER, J., concur.