**DIRECTOR OF the DEPARTMENT OF REVENUE, JACKSON COUNTY, Missouri, Respondent,**

v.

**PARCELS OF LAND ENCUMBERED WITH DELINQUENT TAX LIENS, Appellant,**

and

**Jolijohn, Inc., Purchaser-Appellant.**

**No. 59567.**

Supreme Court of Missouri, En Banc.

Sept. 12, 1977.

Ira K. Witschner, Kansas City, for appellant.

Charles J. Fraas, Jr., Kansas City, Edward L. Pendleton, County Counselor, Kansas City, for respondent.

HENLEY, Judge.

This is an appeal by Jolijohn, Inc. (Jolijohn) from a judgment setting aside a deed (and judgments in a tax suit on which the deed is based) conveying to it real estate purchased at a tax sale. We affirm.

The tax suit, brought under the Land Tax Collection Act,[1] was commenced by the Director of the Department of Revenue of Jackson county (Director) in May, 1974. The purpose of that action was to collect real estate taxes due taxing authorities by foreclosing the liens of delinquent tax bills upon several parcels of real estate, only one of which (parcel number C46–232) is in-

---

1. Sections 141.210 to 141.810, RSMo 1969, applicable to class one counties. References to sections of statutes will be to the 1969 revision unless otherwise indicated.

volved in this appeal.[2] On July 10, 1974, the delinquent taxes (and penalties) on this parcel were paid to the Director's office and a receipt given therefor. Somehow the fact of payment was not entered on the tax records. Nor was the attorney representing the Director in the tax suit informed of the payment.

Thereafter, on January 3, 1975, a default judgment was entered foreclosing the tax liens and directing that the lands be sold by the Court Administrator of Jackson county at public sale. Pursuant to that judgment, the Court Administrator proceeded to sell this and other parcels on July 29, 1975. As stated, parcel number C46–232 was sold to Jolijohn. On January 23, 1976, after a hearing, the sale was confirmed and the Court Administrator ordered to execute and deliver his deed therefor to Jolijohn.

Pursuant to that order the Court Administrator conveyed parcel C46–232 to Jolijohn on February 18, 1976. Sometime between that date and March 25, 1976, the Director learned that the delinquent taxes on this land had been paid in July, 1974, before entry of the judgment foreclosing the tax lien.

On March 25, 1976, the Director filed a motion in the tax suit praying that the judgment of foreclosure and judgment confirming the sale (insofar as they apply to parcel C46–232) and the Court Administrator's deed based on those judgments be set aside and for naught held. Grounds for the relief sought were that the judgments and deed were the result "of irregularity, accident or mistake, to wit: Owner exhibited receipt for taxes." Jolijohn filed objections to the Director's motion, stating as reasons therefor "that the question of the delin-

quency of the subject tract of realty  *  *  onclusively determined by the judgment of foreclosure  *  *  *  and that, therefore, under the authority of  *  *  *  *Spitc ɔfsky v. Hatten*, 353 Mo. 94, 182 S.W.2d 86, the decision as to the said delinquency of taxes is res adjudicata."

As a part of its judgment setting aside the judgments and this deed, the court further ordered that the money paid by Jolijohn be refunded to it.

■ Jolijohn contends that these judgments and the deed are not susceptible of being set aside on motion of the Director for several reasons; that they may be set aside only by direct attack in a separate suit in equity. Some of the reasons for this contention are that the court lacked jurisdiction to set aside the judgments, that no irregularity or mistake for which a judgment may be set aside appears from the face of the record, and that the judgments are res judicata of the facts alleged in the tax suit. The assertion that the court lacked jurisdiction to set aside the judgments is based on the fact that at the time the motion was filed more than 30 days had elapsed since they were entered. Therefore, says Jolijohn, the court lost control of the judgments under Rule 73.01[3] and could not set them aside on a motion based on irregularity or mistake even if such irregularity or mistake had appeared from the face of the record.

We have considered the cases cited by Jolijohn[4] in support of its argument on these points, but find them not applicable to the facts in this case.

As stated, the taxes and penalties delinquent on this parcel when the suit was filed were paid before the judgment of foreclo-

---

2. The parties in this case (No. 59567) and in case No. 59800 (involving five other parcels of real estate bearing serial numbers IJK46–680, H46–611, IJK46–711, WXYZ46–1698 and WXYZ46–1691, and identical questions of law and fact, have agreed, and the court ordered, that the two cases be consolidated for hearing and disposition and that the decision and order entered in this case control and be entered in case No. 59800.

3. References to rules are to Missouri Supreme Court Rules.

4. *Lawton-Byrne-Bruner Ins. Agency v. Air-Flight Cab Co.*, 479 S.W.2d 218 (Mo.App. 1972); *McDaniel v. Lovelace et al.*, 439 S.W.2d 906 (Mo. 1969); *Hamm v. Hamm*, 437 S.W.2d 449 (Mo.App. 1969); *Falcon Enterprises, Inc. v. Precise Forms, Inc.*, 509 S.W.2d 170 (Mo.App. 1974); *Workman v. Anderson*, 297 S.W.2d 519 (Mo. 1957); *Spitcaufsky v. Hatten*, 353 Mo. 94, 182 S.W.2d 86 (1944).

sure was entered. About this there is no dispute. This is a fact not known by the court when it entered the judgment of foreclosure, a fact which, if known, the Director contends, would have precluded entry of the judgment as to this land. Nor was it known then by the Director who, by his motion and evidence, has informed the court of an error of fact which, he contends, defeated the power of the court to enter the foreclosure judgment. He relies primarily on § 141.420 to support his position.

Subsection 1 of that section provides that an owner may redeem his real estate by paying the tax bill to the collector "at any time prior to the time of the foreclosure sale of such real estate * * *." Subsection 4 thereof provides, in pertinent part: "such payment shall operate as a release of the lien of the tax bill * * * and as a dismissal of the suit so far as such tax bill * * * [is] concerned."

■ We treat the Director's motion to set aside the judgments and deed as one in the nature of a writ of error coram nobis, an error of fact having been stated which may be, and is, demonstrated by extrinsic evidence. *Murray v. United Zinc Smelting Corp.*, 263 S.W.2d 351, 354[2] (Mo. 1954); *Rubbelke v. Aebli*, 340 S.W.2d 747, 750–51[2] (Mo. 1960). In *Norman v. Young*, 301 S.W.2d 820[1–2] (Mo. 1957) the court said: "A motion in the nature of a writ of error coram nobis 'is made to the trial court to correct errors of fact, not appearing on the face of the record, affecting the validity of proceedings which errors of fact were unknown to the party now seeking relief and to the court at the time of the disposition of the particular case, and which errors of fact, had they been known, would have prevented the rendition of the judgment.' * * * 'The motion or application is considered a new action—is in the nature of an independent and direct attack upon a judgment—with the purpose of revoking or annulling the judgment.' " 301 S.W.2d at 822.

■ The payment of the taxes before entry of the foreclosure judgment released the lien of the tax bill and effected a dismissal of the tax suit as to this parcel of land. Hence, contrary to the allegations of the Director's tax suit, there was neither lien to enforce nor suit pending as to this land when the foreclosure judgment was entered. This error of fact as to the existence of a lien to enforce or a suit pending viable as to this parcel goes to the very heart of the power and right of the court to render the judgment of foreclosure as to this particular land. In a sense, this error of fact denied the court jurisdiction to proceed. The judgment of foreclosure was a nullity. It follows that without this judgment, the subsequent sale, the judgment confirming the sale, and the deed are without foundation and fall of their own weight.

■ One case upon which Jolijohn relies heavily, *Spitcaufsky v. Hatten*, supra, (353 Mo. 94, 182 S.W.2d 86), requires further mention. The case is cited in support of Jolijohn's contentions that the judgments entered in this case are res judicata of the facts alleged in the tax suit, particularly the petition's allegation that taxes on this land are unpaid and therefore delinquent. We quote the portion of that case referred to in Jolijohn's brief: "We have in mind also that *Lynbrook Gardens v. Ullmann*, supra, 179 Misc. 132, 36 N.Y.S.2d [888] loc. cit. 892; Id., 265 App.Div. 859, 37 N.Y.S.2d 671, held a tax deed under the in rem procedure prescribed by Chap. 60, Consol. Laws, Art. 7–A, Title 3 of the New York Tax Law (on which our 1943 Act was modeled) could be impeached by establishing that the taxes for which the land was sold had previously been duly paid—this because the owner, knowing he had paid his taxes, would have no reason to scrutinize the delinquent tax lists; and also because there would be no cause of action and the court would have no jurisdiction, if the taxes had been paid. But, as in so many other instances that might be thought of, payment would be one of the underlying issues of fact on which jurisdiction would depend, and which the court would have power to decide. Since the Act makes the tax bills prima facie evidence that the taxes are delinquent as shown; and the decree rests upon a finding to that effect; we believe it would be res judicata."

The *Spitcaufsky* case is a declaratory judgment action brought by the owners of

special tax liens against the taxing authorities of Jackson county and Kansas City. It attacks on many and various grounds the constitutionality of the Land Tax Collection Act.

What is said by the court in the above quotation is in connection with a challenge to the finality of a decree authorized by the Act and the force and effect of its sections 23 (now section 141.480) and 28 (now section 141.580). The effect of section 16 of the Act (now section 141.420) and, more specifically subsection 4 thereof, on the finality of a judgment purporting to foreclose a lien for delinquent taxes on land on which the taxes have in fact been paid is not mentioned and, we assume, was not considered. However, in view of the broad language used in discussing and deciding the issue then being addressed, we cannot say, with confidence, the court did not decide indirectly the effect of section 16 contrary to today's decision. Insofar as the two decisions conflict, *Spitcaufsky* is overruled.

The judgment is affirmed.

All concur.