COLLECTOR OF REVENUE FOR the CITY OF ST. LOUIS, Missouri, Respondent,

v.

PARCELS OF LAND ENCUMBERED WITH DELINQUENT TAX LIENS (SERIAL NUMBER 17–143), owner Harvey F. Euge, Appellant.

No. 60181.

Supreme Court of Missouri, En Banc.

April 28, 1978.

Rehearing Denied June 15, 1978.

Harvey F. Euge pro se.

James E. Crowe, St. Louis, for respondent.

Jack L. Koehr, City Counselor, and James J. Wilson, Associate City Counselor, St. Louis, amicus curiae.

BARDGETT, Judge.

The collector of revenue of the City of St. Louis, Missouri, instituted suit for foreclosure of delinquent tax liens against parcel No. 17–143. The suit was brought pursuant to the Municipal Land Reutilization Law, sec. 92.700, et seq., RSMo Supp. 1975. Harvey F. Euge (hereinafter defendant), the record owner of the property, answered and alleged that the tax liens were illegal be-

cause they were excessive and that the Municipal Land Reutilization Law was unconstitutional under the United States and Missouri constitutions. The circuit court entered judgment for plaintiff collector ordering the liens foreclosed and the property sold.

Defendant appealed to this court alleging a construction of the constitution was involved. By order, on its own motion, this court transferred the cause to the court of appeals, believing that the case did not involve a matter within our exclusive jurisdiction. The court of appeals held that because defendant asked for a construction of the constitution and not a mere application of established constitutional principles, it must treat the supreme court's transfer order as an adjudication that the case did not involve issues of constitutional construction. *Collector of Revenue for the City of St. Louis, Missouri, Plaintiff-Respondent, vs. Parcels of Land Encumbered with Delinquent Tax Liens (Serial No. 17–143) Owner Harvey F. Euge, Defendant-Appellant,* (Court of Appeals No. 38,051), 550 S.W.2d 199 (Mo.App.1977).[1] On this basis, the court of appeals refused to consider defendant's points relating to the constitution of Missouri.

On application of defendant to this court for transfer after opinion of the court of appeals, this court transferred the case because the court of appeals incorrectly held that our initial transfer order to the court of appeals acted as an adjudication of defendant's constitutional claims.

■ Transfers from this court to the court of appeals might be ordered for many different reasons. Perhaps the issues are not raised with the proper specificity (*Kelch v. Kelch,* 450 S.W.2d 202 (Mo.1970) ), or the case involves an *application* of the constitution rather than a *construction* of it (*State v. McClain,* 541 S.W.2d 351 (Mo.App.1976) ), or perhaps the constitutional question has

already been decided (*State v. Harris,* 321 S.W.2d 468 (Mo. banc 1959) ). The transfer order, however, is not an adjudication. It merely is a belief of this court at a preliminary stage of the appeal, without the benefit of briefs or oral argument, that a question involving a construction of the constitution is not involved. These transfers are for the primary purpose of getting the appeal to the right court as soon as possible and, in the main, the procedure has worked rather well. Sometimes, however, we will make a mistake in this regard.

The court of appeals is not precluded from reexamining the issue of jurisdiction and, if after the submission of briefs and oral argument, it determines that a substantial question of constitutional construction is presented, it may retransfer the cause back to this court. *Schmidt v. Morival Farms,* 240 S.W.2d 952 (Mo.1951). In the event that the court of appeals determines that the case is properly before it, it may still be required to adjudicate a constitutional issue. This may be accomplished by deciding that the constitutional question was not properly raised or briefed, by applying an established constitutional principle, by holding that the question has already been litigated, or in any other manner consistent with the determination that a question involving the construction of the constitution is not presented. Of course, this court still retains the authority to transfer the cause and may treat the case as if on original appeal. Art. 5, sec. 10, Mo.Const.

The facts in this case are mostly undisputed. The real estate taxes on certain land owned by defendant and designated by the collector as parcel No. 17–143 became delinquent. All statutory requirements concerning notice of the suit for foreclosure were followed by the collector.

1. The court of appeals opinion was published in the Southwestern Reporter by mistake. The notation in the style of the case at 550 S.W.2d 199 that "Application to Transfer Denied May 6, 1977" is incorrect. Appellant's application to transfer to this court was filed here on May 20, 1977, and sustained on June 14, 1977. The opinion of the court of appeals was, by operation of law, vacated upon the cause being transferred to this court and should not have been published by West Publishing Company in the Southwestern Reporter.

Sec. 92.755 requires: "1. Within thirty days after the filing of such suits with the circuit clerk, the collector shall forthwith cause a notice of foreclosure to be published four times, once a week, during successive weeks, and on the same day of each week, in a daily newspaper of general circulation regularly published in such city, qualified according to law for the publication of public notices and advertisements." (Subsec. 2 specifies the form such notice shall take.)

Sec. 92.760, subsec. 1, provides: "The collector shall also cause to be prepared and mailed in an envelope with postage prepaid, within thirty days after the filing of such petition, a brief notice of the filing of the suit, to the persons named in the petition as being the last known persons in whose names tax bills affecting the respective parcels of real estate described in said petition were last billed or charged on the books of the collector, and to the addresses of said persons upon said records of the collector; and in the event that any name or address does not appear on the records of the collector, with respect to any parcel of real estate, the collector shall so state in an affidavit, giving the serial number of each parcel of real estate affected. Said affidavit shall be filed in the suit with the circuit clerk not later than sixty days after the date of the first publication of the notice of foreclosure. The failure of the collector to mail the notice or file the affidavit herein provided shall not affect the validity of any proceedings brought pursuant to the provisions of sections 92.700 to 92.920." (Subsec. 2 gives the form of the notice.)

On appeal defendant has abandoned his contention that the tax liens were excessive. Even though defendant received the individual notice from the collector as provided for in sec. 92.760, nevertheless, defendant argues that the other provision of sec. 92.760 which states, in part, that the failure to mail the notice does not invalidate the proceedings renders the act violative of the due process clauses of the United States and Missouri constitutions requiring a reversal of the judgment. He argues that the constructive notice provisions of sec. 92.755 providing for publication of notice are not sufficient where the owner's name and address are known to the taxing authority, relying primarily on *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

The respondent collector contends the constructive notice provisions of sec. 92.755 are sufficient in instances where delinquent tax liens are sought to be foreclosed and the property sold, relying principally on *Spitcaufsky v. Hatten*, 353 Mo. 94, 182 S.W.2d 86 (banc 1944).[2]

*Spitcaufsky*, decided in 1944, generally supports the collector's position. *Mullane* was decided in 1950 and, although it does not involve the judicial foreclosure of delinquent tax liens and the sale of property, the case does deal with notice requirements of judicial proceedings where an individual's property may be affected and has formed the basis for subsequent decisions involving sale of property for delinquent taxes where courts have held written notice to the owner was constitutionally required. *Township of Montville v. Block 69, Lot 10*, 74 N.J. 1, 376 A.2d 909 (1977), and *Dow v. State*, 396 Mich. 192, 240 N.W.2d 450 (1976), reversing *Dow v. State*, 46 Mich.App. 101, 207 N.W.2d 441 (1973). These cases, decided subsequent to *Spitcaufsky*, put the present validity of *Spitcaufsky* somewhat in doubt.

■ However, in the instant case, the collector mailed notice of suit to the defendant and defendant admittedly received it, entered his appearance, and filed an answer. The only portion of the statute which defendant complains of here is the last sentence of sec. 92.760, subsec. 1, which purports to relieve the collector of any ad-

---

2. *Spitcaufsky* was overruled in *Dir. of Dept. of Rev. v. Parcels of Land Encumbered with Delinquent Tax*, 555 S.W.2d 293 (Mo. banc 1977) to the extent that it was in conflict with that decision. The area of conflict was the res judicata effect of a judgment of foreclosure when it is shown that the tax had been paid prior to judgment. The court held that the foreclosure judgment was not res judicata and could be set aside. The foreclosure suit was brought pursuant to the Land Tax Collection Act, secs. 141.-210 to 141.810, RSMo 1969.

verse consequences should he not mail the appropriate notice. As noted, defendant received appropriate notice and his rights were not in any way affected by the alleged unconstitutionality of the statute. He has not been prejudiced by the operation of the statute nor has he alleged or shown any injury due to the provisions of sec. 92.760. Thus, he has no standing to raise the issue. *Ryder v. County of St. Charles,* 552 S.W.2d 705 (Mo. banc 1977); *Kansas City v. Douglas,* 473 S.W.2d 101 (Mo.1971). The point is overruled.

■ Defendant also alleges that the trial judge was prejudiced against defendant. He requests a remand for further proceedings before a judge not so prejudiced. The defendant cites the following dialogue from the hearing on June 27, 1975:

"MR. CROWE: . . . Mr. Brisco isn't here. But, definitely you told his associate we were going to go at 9 o'clock, and that is set for today. So, I don't know. I haven't heard from him since, and he had been telling me all along that Mr. Euge was going to sign a contract with us, but he didn't.

"THE COURT: That wouldn't be worth anything anyway.

"MR. CROWE: I would like to ask the reporter to mark our exhibits so that then, Judge, we can refer to them right down the line."

Mr. Crowe represented the plaintiff and Mr. Brisco was defendant's attorney. The hearing was on the merits of the petition. Defendant and his attorney failed to appeal or request a continuance; therefore, the court heard the evidence and entered a judgment of foreclosure.

The second evidence of prejudice comes from the September 26, 1975, hearing on defendant's motion to set aside the judgment.

"THE COURT: Do you have anything else, Mr. Crowe?

"MR. CROWE: Yes, I do, Your Honor. You instructed me to notify Mr. Harvey Euge as to parcel number 17–143. He filed a motion to set aside a judgment which has

been entered against that parcel; and he called my office yesterday afternoon, and said that he had been unable to get an attorney, that he would not be here, and to go ahead and do whatever we wanted.

"THE COURT: Okay. Let's proceed with it.

"MR. CROWE: Well, I had filed a motion, he had filed a motion to set aside a judgment, then would we consider that overruled.

"THE COURT: Give me the file and let me overrule it.

"MR. CROWE: You want me to sign that.

"THE COURT: No, you don't have to sign it, just make sure it's carried out."

Again the defendant failed to appear and failed to request a continuance. Additionally he consented to the hearing in his absence. The record before this court is devoid of any evidence of prejudice on the part of the trial judge. He proceeded properly in all respects. The point is overruled.

The judgment is affirmed.

All of the Judges concur.