**ST. LOUIS SOUTHWESTERN RAILWAY CO., Petitioner-Appellant,**

v.

**STATE TAX COMMISSION OF the STATE OF MISSOURI, Respondent.**

**No. WD 37338.**

Missouri Court of Appeals, Western District.

March 18, 1986.

Louis Francis Bonacorsi, St. Louis, for petitioner-appellant.

Melodie Annéé Powell, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P.J., and MANFORD and NUGENT, JJ.

MANFORD, Judge.

Appellant sought leave to amend its petition for review before the State Tax Commission regarding appellant's amended franchise tax report for the tax year 1975. Appellant then filed its petition for review before the Cole County Circuit Court, which affirmed the decision of the Tax Commission. Appeal to this court followed. The cause is transferred to the Missouri Supreme Court which has exclusive jurisdiction.

Appellant filed its 1975 Missouri Franchise Tax Report with the Missouri Director of Revenue in a timely manner. This report indicated a tax base, and attached thereto was appellant's payment for the tax due in the amount of $28,987.00. On June 20, 1975, the Director of Revenue issued a franchise tax statement to appellant with taxes due in the amount of $29,-629.25. Appellant paid the alleged tax deficiency in the amount of $732.25, plus $10.58 in interest. This payment was made under protest, the basis for which was ap-

pellant's objection to the method applied in determining the total tax which it claims was in error. Simultaneously, appellant made request for a refund of the $742.83. The dispute was not resolved and the Director of Revenue issued a Final Notice of Missouri Corporation Franchise Tax Determination on January 21, 1976.

Appellant filed a petition for review before the State Tax Commission in a timely manner. While a hearing was set for this matter, it was held in abeyance pending disposition of two related (separate parties) appeals. On September 20, 1982, a hearing was held in the instant matter. On March 14, 1983, appellant filed an amended petition for review before the Commission, and attached thereto was an amended franchise tax report for 1975. On April 7, 1983, appellant filed a motion for leave to file an amended petition for review before the Commission. On July 21, 1983, the Commission denied, by order, appellant's motion for leave to file an amended petition for review. Following the Commission's refusal to rescind its order, appellant filed a petition for review with the Circuit Court. The Circuit Court affirmed the Commission's decision and this appeal followed.

The issues before this court call for the construction of Chapter 147, RSMo 1978 and § 136.035, RSMo 1978 to determine if a taxpayer is permitted to file an amended franchise tax report which seeks to secure a larger tax refund, and to determine whether the law, with regard to franchise tax refunds, has been complied with. These issues necessarily involve the state's revenue laws and the construction of same. Such issues come within the exclusive jurisdiction of the Missouri Supreme Court. *See State ex rel. School District of City of Independence v. Jones,* 653 S.W.2d 178, 181 (Mo. banc 1983). This court must determine if it has jurisdiction. *Kansas City v. Howe,* 416 S.W.2d 683, 686 (Mo.App. 1967). That determination reveals that exclusive jurisdiction lies with the Missouri Supreme Court, thus mandating the transfer of this cause to that court. *See Collector of Revenue for the City of St. Louis v. Parcels of Land Encumbered with Delin-*

*quent Tax Liens,* 566 S.W.2d 475, 476 (Mo. banc 1978).

Said cause is therefore transferred to the Missouri Supreme Court pursuant to Mo. Const. Article V, § 3 (as amended 1982).

So ordered.

All concur.