Daisy WATES, Appellant,

v.

William Kenneth CARNES et al.,
Respondents.

No. 58309.

Supreme Court of Missouri,
Division No. 2.

March 10, 1975.

Motion for Rehearing or Transfer to Court
En Banc Denied April 14, 1975.

J. D. Riffel, Richard H. Zehring, The Legal Aid and Defender Society of Greater Kansas City, Inc., Kansas City, for appellant.

Harold L. Fridkin, Jackson County Counselor, Kansas City, Richard F. Schmidt, Asst. County Counselor, Kansas City, for respondent William Kenneth Carnes; Michael D. Fitzgerald, Kansas City, for respondent James P. Aylward, Jr.

STOCKARD, Commissioner.

This is a civil action to set aside a tax sale that was made pursuant to §§ 141.210 to 141.810, known as the "Land Tax Collection Law." All statutory references are to RSMo 1969, V.A.M.S. We note that certain amendments to some of these sections have been made subsequent to the occurrence of the events here in issue. Therefore, the statutory references are to the provisions of the statutes then in effect. The issues call for the construction of the revenue laws of this state. Appellate jurisdiction is in this court.

The Collector of Jackson County included appellant's property in a list of properties upon which the taxes were delinquent which he filed in the circuit court. Then, pursuant to §§ 141.340 and 141.350 he proceeded to bring suit to foreclose the lien of the state for such delinquent taxes.

Section 141.360 provided that "All suits for the foreclosure of tax liens brought by the collector shall name him only by the title of his office and all such suits shall be

brought directly against the real estate subject to the tax lien or liens to be foreclosed, and shall not name any person as defendant." Section 141.400, subd. 1 provided "The foregoing proceeding or suit shall constitute an action in rem, and the pleadings therein shall consist of a petition and an answer or answers." Section 141.-400, subd. 4 provided that "In the event of failure to answer within the time herein fixed, the petition shall be taken as confessed and a default judgment may be taken as to all tax bills affecting parcels of real estate as to which no answer has been filed." Section 141.500, after providing for including in the judgment certain provisions pertaining to interest, penalties and attorney fees, then states that "the lien upon the parcels of real estate described in the tax bill be foreclosed and such real estate sold by the sheriff, and the cause shall be continued for further proceedings, as herein provided." In § 141.520 provision is made that "After the judgment of foreclosure has been entered," and after that judgment has become final, "there shall be a waiting period of six months before any advertisement of sheriff's sale shall be published." It is then provided that "If any such parcel of real estate be not redeemed, or if no written contract providing for redemption be made within six months after the date of the judgment of foreclosure, . . . the sheriff shall commence to advertise the real estate described in the judgment and shall fix the date of sale within thirty days after the date of the first publication of the notice of sheriff's sale as herein provided, and shall at such sale proceed to sell the real estate."

In § 141.530 it is provided that "During such waiting period and at any time prior to the time of foreclosure sale by the sheriff, any interested party may redeem any parcel of real estate as provided by this chapter; . . ." There then follows certain other provisions not material to the pending issue.

The date of the entry of judgment of foreclosure was November 24, 1969. The advertisement of the sheriff's sale was published in the Daily Record on May 21, May 28, June 4, and June 11, 1970. Respondent Tigerman purchased the property at the sheriff's sale on June 15, 1970. It is agreed that the first advertisement by the sheriff was at least three days premature.

On January 5, 1971, the circuit court confirmed the sale and directed the issuance of a deed to the purchaser. This premature advertisement was in violation of § 141.520 and § 141.530, and also in non-compliance with the judgment previously entered in the case.

The limited issue before us is whether the violation of the applicable statutes resulted in the sheriff being without authority to sell the property, or whether, as asserted by respondent, there occurred only an "irregularity," which constituted "substantial compliance" and which was sufficient to result in a valid sale. We hold that it was a jurisdictional irregularity, and we reverse the judgment.

■ The constitutionality of the procedure for tax collection authorized by the Land Tax Collection Law was established in Spitcaufsky v. Hatten, 353 Mo. 94, 182 S.W.2d 86 (1944), but in that case it was carefully pointed out that "since the levying of taxes is a matter solely of statutory creation, the courts must follow the method provided by statute for their collection, if adequate." It has universally been the rule that statutory requirements in proceedings in rem for the sale of land for delinquent taxes must be complied with strictly. 72 Am.Jur.2d, State and Local Taxation § 916. The time and place of publication of notice is to be determined by reference to the controlling statutory provisions which must be followed, 72 Am.Jur.2d, State and Local Taxation § 929, and as succinctly stated in 85 C.J.S. Taxation § 795, "The notice must not be prematurely begun."

To demonstrate the strictness adhered to in this state concerning the procedure to be followed in actions for the collection of

taxes we refer to the case of Shuck v. Moore, 232 Mo. 649, 135 S.W. 59 (1911). There, the statute required the tax suit to be brought against the record owner by his true name. There was a minor discrepancy in the name used and this court stated: "Service of process by publication is in derogation of common law, is a creature of statute, is harsh at best and highly technical; hence must be strictly pursued." Also, in Costello v. City of St. Louis, 262 S.W.2d 591 (Mo.1953), this court considered the procedure to be followed under what was known as the "Jones-Munger Law" (then applicable to the City of St. Louis) for the collection of delinquent taxes. It there said: "Under the Jones-Munger Act, the proceedings preliminary to and the sale of property by the Collector for delinquent taxes is administrative in character; such preliminary proceedings and sale are non-judicial and ex parte in their nature. No court guides the Collector or his proceedings, and he proceeds upon his own advice. In making his land delinquent list, in his notice and advertisement of sale, in his conduct of the sale, and in his preparation and execution of his certificate of purchase and his deed the Collector must strictly follow and observe the admonition of the statutes in this summary process of taking away from the citizen the title to the latter's land."

In this case, by failing to follow the applicable statutory provisions, the sheriff shortened the statutory redemption period. This resulted in a void deed of sale.

The judgment is reversed and the cause remanded for the entry of a judgment in conformity with the views here expressed.

HOUSER, C., concurs.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

All of the Judges concur.