**Larry Max JENNINGS, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 55918.**

Missouri Court of Appeals, Western District.

April 6, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1999.

Application for Transfer Denied June 29, 1999.

**250**

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Bruce Brown, Kearney, for respondent.

SPINDEN, Presiding Judge.

The Department of Revenue's director challenges the circuit court's conclusion that a police officer becomes merely a private citizen when he arrests a driver for driving while intoxicated outside his jurisdiction's limits. The director appeals the circuit court's judgment setting aside the director's suspension of Larry Max Jennings' driving license for driving while intoxicated.[1] We reverse the circuit court's judgment and order reinstatement of the director's decision to suspend Jennings' license.

The director suspended Jennings' license after a breath test administered by Cameron police on March 24, 1997, indicated that his blood alcohol concentration was .148 percent. Officer Rick Bashor arrested Jennings on I-35 about 100 yards beyond Cameron's city limits. Bashor had followed Jennings' pickup from Cameron and saw the pickup cross the center line and "fog line" (the solid white line marking the right side of the road) on U.S. 36 inside the city limits. While the pickup was still inside Cameron city limits, Bashor saw the pickup enter I-35 into the path of an oncoming tractor-trailer rig, nearly causing a collision. Still inside city limits, Bashor turned on his emergency lights to stop the pickup. More than a half-mile later, about 100 yards outside city limits, Jennings parked his pickup in response to Bashor's emergency lights. Bashor arrested Jennings for violating a Cameron city ordinance which prohibited a driver from operating a motor vehicle while intoxicated.

The circuit court explained its reason for setting aside the judgment:

> The Court finds that the arresting officer in this case was not proven to have "fresh pursuit" authority, as [the director] elicited no evidence to the requisite election under Section 544.157(4), RSMo.[2] As the evidence clearly indicated that the officer was beyond his territorial boundaries, the Court finds that the officer could only be considered a private citizen in this proceeding. As such, private citizens may arrest on showing of commission of felony, to pre-

---

1. The director did not include his order in the record. We do not know any details of the director's order except that it suspended Jennings' license to drive. None of the order's details give rise to issues which the parties ask us to address, so we do not concern ourselves with the order's specifics.

2. Apparently, the circuit was referring to § 544.157.4 which says, "A public agency electing to institute vehicular pursuits shall adopt a policy for the safe conduct of vehicular pursuits by peace officers." Section 544.157.4(4) adds agencies should adopt guidelines "for determining when the interests of public safety and effective law enforcement justify a vehicular pursuit and when a vehicular pursuit should not be initiated or should be terminated."

vent affray of breach of the peace, and for misdemeanor, if authorized by statute; however, private citizens do not have the right or privilege to stop and detain persons believed to have committed ordinance violations or traffic offenses. Therefore, the Court finds that [the director] has failed in it's [sic] burden of proof that the arresting offer [sic] was a "law enforcement officer" under Section 302.500, RSMo., et seq.

The circuit court erred. Because this is not a criminal case, but an administrative law case, none of the issues considered by the circuit court were applicable.

The General Assembly has set out in Chapter 302[3] the procedures for suspension of a driving license in cases in which proper tests indicate that the driver of a motor vehicle has a blood alcohol concentration of .10 percent or more. In § 302.510.1, the General Assembly has said:

Except as provided in subsection 3 of this section, a law enforcement officer who arrests any person . . . for a violation of a . . . municipal ordinance prohibiting driving while intoxicated . . . or municipal alcohol related traffic offense, and in which the alcohol concentration in the person's blood, breath, or urine was ten-hundredths of one percent or more by weight . . . shall forward to the department [of revenue] a verified report of all information relevant to the enforcement action, including information which adequately identifies the arrested person, a statement of the officer's grounds for belief that the person violated any . . . municipal ordinance prohibiting driving while intoxicated . . . or municipal alcohol related traffic offense, a report of the results of any chemical tests which were conducted, and a copy of the citation and complaint filed with the court.

Section 302.510.3 has special provisions concerning who can be recognized as law enforcement officers in cases, such as this one, involving an arrest for violation of a municipal ordinance. It says:

A . . . municipal ordinance prohibiting driving while intoxicated or a . . . municipal alcohol related traffic offense may not be the basis for suspension or revocation of a driver's license pursuant to sections 302.500 to 302.540, unless the arresting law enforcement officer, other than an elected peace officer or official, has been certified by the director of the department of public safety pursuant to the provisions of sections 590.100 to 590.180, RSMo.

Bashor testified that the Department of Public Safety's director had certified him as a police officer, and he produced a certificate of his certification. Jennings did not contest this designation.[4]

█ Hence, determination of this case hinges on whether Bashor remained a law enforcement officer for purposes of § 302.510 when his patrol car left Cameron's city limits in pursuit of Jennings' pickup for investigation of a violation of a Cameron ordinance. Jennings did not challenge the director's evidence that Bashor had been certified as a law enforcement officer by the Department of Public Safety's director. The only requirements pertinent to this case which the General Assembly set in § 302.510.3 concerning the arresting officer was that he be certified by the Department of Public Safety's director and be arresting for violation of a municipal ordinance.

█ Section § 302.505 cases do not implicate constitutional protections against unreasonable governmental searches and seizures. *Riche v. Director of Revenue,* 987 S.W.2d 331 (Mo. banc 1999). These actions are creatures of statute. The General Assembly is free to set the boundaries and procedures for any cause of action which it creates, and we will interfere only

---

**3.** All citations of statutes refer to the 1994 Revised Statutes and its supplements.

**4.** Jennings did not present any evidence at trial.

in cases in which those procedures violate due process and other constitutional guarantees. *See Lunsford v. Director of Revenue, State of Missouri*, 969 S.W.2d 833, 835 (Mo.App.1998); *Wates v. Carnes*, 521 S.W.2d 389, 390 (Mo.1975). In *Wates*, the Supreme Court reaffirmed its earlier comments in *Spitcaufsky v. Hatten*, 353 Mo. 94, 182 S.W.2d 86, 95 (1944),[5] that "since [administrative law][6] is a matter solely of statutory creation, the courts must follow the method provided by statute for their collection, if adequate." *Wates*, 521 S.W.2d at 390.

The only boundaries which the General Assembly set in § 302.510 which are pertinent to this case concerning the arresting officer is that he must be certified by the Department of Safety's director and must be arresting for violation of a municipal ordinance. Bashor was certified. Were we to add to § 302.510 the requirements which the circuit court imposed, we would, in effect, be rewriting the statute. Because suspension of a driving license is a matter solely of statutory creation, the courts must follow the method provided by the General Assembly in Chapter 302, if it is adequate.

Jennings does not contend that the procedures established in § 302.510 violated his due process rights or were inadequate in any other way. Indeed, the Supreme Court has ruled that the procedures in Chapter 302 are adequate to meet constitutional requirements of due process and equal protection. *Riche*; *Stewart v. Director of Revenue*, 702 S.W.2d 472, 475 (Mo. banc 1986).

Jennings' violation occurred inside Cameron city limits. Bashor, a certified law enforcement officer, endeavored to stop Jennings' pickup for an investigatory stop inside the city limits. Jennings did not stop immediately; he drove his pickup more than half a mile before stopping outside the city limits. Bashor had probable cause to arrest Jennings for driving while intoxicated. Jennings agreed to submit to a breath test which indicated that his blood alcohol concentration was .148 percent. From these facts, we do not discern any barrier to the director's suspending Jennings' driving license.

The circuit court, therefore, erred in overturning the director's decision. We reverse the circuit court's judgment and order the reinstatement of the director's suspension.

EDWIN H. SMITH, Judge, and ALBERT A. RIEDERER, Judge, concur.

---

5. Overruled on other grounds by *Director of Depart. of Revenue, Jackson County v. Parcels of Land Encumb. with Delinq. Tax Liens*, 555 S.W.2d 293 (Mo. banc 1977)(considering whether making tax bills *prima facie* evidence of delinquency was *res judicata* in subsequent proceeding to set aside judgment for mistake of fact).

6. *Wates* involved collection of taxes, which, like suspension of a driving license, is a matter of administrative law. *Costello v. City of St. Louis*, 262 S.W.2d 591, 596 (Mo. 1953)("the proceedings preliminary to and the sale of property by the Collector for delinquent taxes is administrative in character")(overruled on other grounds by *Powell v. County of St. Louis*, 559 S.W.2d 189 (Mo. banc 1977)).