**John David STERNEKER, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 56338.**

Missouri Court of Appeals, Western District.

Aug. 10, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 5, 1999.

Application for Transfer Denied Nov. 23, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Bruce B. Brown, Kearney, for respondent.

SPINDEN, Judge.

The Department of Revenue's director challenges the circuit court's conclusion that a police officer becomes merely a private citizen when he arrests a driver for driving while intoxicated outside his jurisdiction's limits. The director appeals the circuit court's judgment setting aside the

director's revocation of John David Sterneker's driving license for driving while intoxicated.[1] We reverse the circuit court's judgment and order reinstatement of the director's decision to revoke Sterneker's license.

The director revoked Sterneker's license after a breath test administered by Gallatin police on August 29, 1997, indicated that his blood alcohol concentration was .173 percent. Officer Doug Hamilton arrested Sterneker about three miles beyond Gallatin's city limits. Hamilton had followed Sterneker's vehicle from Gallatin after seeing Sterneker speeding inside the city limits. While Sterneker's vehicle was still inside Gallatin's city limits, Hamilton turned on his emergency lights and attempted to stop the vehicle. Sterneker, however, did not stop his vehicle, and Hamilton continued to follow him. Sterneker finally stopped his vehicle three miles outside the city limits.

Hamilton smelled alcohol on Sterneker's breath and noticed that Sterneker's eyes were dilated and semi-glossy. Sterneker admitted that he had been drinking.[2] Sterneker "failed" several field sobriety tests that Hamilton asked him to take: the walk-and-turn test, one-leg stand test, and the horizontal gaze nystagmus test.

Hamilton arrested Sterneker for violating a Gallatin city ordinance that prohibited a driver from operating a motor vehicle while intoxicated. Hamilton took Sterneker to Gallatin police headquarters, and Sterneker consented to a breath test. The test results showed that Sterneker had a blood alcohol content of .173 percent.

The director revoked Sterneker's driving license under § 302.505, RSMo Supp. 1998, for operating a motor vehicle with a blood alcohol concentration of at least .10 percent. Sterneker filed a petition for a trial *de novo* with the circuit court. After a trial, the circuit court found that Hamilton had probable cause to stop Sterneker and to arrest him for driving while intoxicated. The circuit court, however, *sua sponte*, raised the issue of whether Hamilton had authority to arrest Sterneker outside Gallatin's city limits. The circuit court took the issue under advisement and, on July 31, 1998, entered a judgment setting aside the director's revocation of Sterneker's driving privilege. The circuit court said:

> The Court finds that the arresting officer was not proven to have "fresh pursuit" authority, as no evidence was presented as to the requisite election required by Mo.Rev.Stat. § 544.157(4).[3] The Court further finds that the officer to be a private citizen as he was outside his territorial boundaries at the time of arrest, and inasmuch as private citizens do not have the right or privilege to stop and detain persons believed to have committed ordinance violations or traffic offenses, the arresting officer was not a "law enforcement officer" pursuant to Mo.Rev.Stat. § 302.500 et seq, and therefore, the [director] has failed in its burden of proof.

This court ruled on this precise issue in *Jennings v. Director of Revenue*, 992 S.W.2d 249 (Mo.App.1999). As in *Jennings*, the circuit court erred in concluding that the director failed to meet her burden

---

1. The director did not include her order in the record. We do not know any details of the director's order except that it revoked Sterneker's license to drive. None of the order's details gives rise to issues which the parties ask us to address, so we do not concern ourselves with the order's specifics.

2. During the trial, Sterneker testified that he had drunk "eight to ten beers" that evening.

3. Apparently, the circuit was referring to § 544.157.4, RSMo Supp.1998, which says, "A public agency electing to institute vehicular pursuits shall adopt a policy for the safe conduct of vehicular pursuits by peace officers." Section 544.157.4(4) adds agencies should adopt guidelines "for determining when the interests of public safety and effective law enforcement justify a vehicular pursuit and when a vehicular pursuit should not be initiated or should be terminated."

of proof. Because this is not a criminal case, but an administrative law or civil case, the circuit court erred in imposing a criminal procedure statute, § 544.157, on the strictures mandated by the General Assembly for a case involving a driving license.[4]

The General Assembly has set out in Chapter 302 the procedures for revocation of a driving license in a case in which proper tests indicate that the driver of a motor vehicle has a blood alcohol concentration of .10 percent or more. In § 302.510.1, RSMo Supp.1998, the General Assembly said:

> Except as provided in subsection 3 of this section, a law enforcement officer who arrests any person ... for a violation of a ... municipal ordinance prohibiting driving while intoxicated or a ... municipal alcohol related traffic offense, and in which the alcohol concentration in the person's blood, breath, or urine was ten-hundredths of one percent or more by weight ... shall forward to the department [of revenue] a verified report of all information relevant to the enforcement action, including information which adequately identifies the arrested person, a statement of the officer's grounds for belief that the person violated any ... municipal ordinance prohibiting driving while intoxicated or a ... municipal alcohol related traffic offense, a report of the results of any chemical tests which were conducted, and a copy of the citation and complaint filed with the court.

Section 302.510.3 has special provisions concerning who can be recognized as law enforcement officers in cases, such as this one, involving an arrest for violation of a municipal ordinance. It says:

> A ... municipal ordinance prohibiting driving while intoxicated or a ... munic-

ipal alcohol related traffic offense may not be the basis for suspension or revocation of a driver's license pursuant to sections 302.500 to 302.540, unless the arresting law enforcement officer, other than an elected peace officer or official, has been certified by the director of the department of public safety pursuant to the provisions of sections 590.100 to 590.180, RSMo.

Hamilton testified that the Department of Public Safety's director had certified him as a police officer.

Hence, determination of this case hinges on whether Hamilton remained a law enforcement officer for purposes of § 302.510 when his patrol car left Gallatin's city limits in pursuit of Sterneker's vehicle for investigation of a violation of a Gallatin ordinance. The only requirements pertinent to this case, which the General Assembly set out in § 302.510.3, concerning the arresting officer was that he be certified by the Department of Public Safety's director and be arresting for violation of a municipal ordinance.

 Section § 302.505 cases do not implicate constitutional protections against unreasonable governmental searches and seizures. *Riche v. Director of Revenue,* 987 S.W.2d 331, 334–35 (Mo. banc 1999). These actions are creatures of statute. The General Assembly is free to set the boundaries and procedures for any cause of action which it creates, and we will interfere only in cases in which those procedures violate due process and other constitutional guarantees. *See Lunsford v. Director of Revenue, State of Missouri,* 969 S.W.2d 833, 835 (Mo.App.1998); *Wates v. Carnes,* 521 S.W.2d 389, 390 (Mo.1975). In *Wates,* the Supreme Court reaffirmed its earlier comments in *Spitcaufsky v. Hatten,* 353 Mo. 94, 182 S.W.2d 86, 95 (Mo. banc 1944),[5] that "'since [administrative

---

4. Sterneker argues that "the 'nature' of the case is irrelevant." He does not cite any authority for such a notion. We are at a loss to understand on what basis he deems a statute of criminal procedure to be applicable to a civil action.

5. Overruled on other grounds by *Director of Dept. of Revenue, Jackson County v. Parcels of*

law][6] is a matter solely of statutory creation, the courts must follow the method provided by statute for their collection, if adequate.'" *Wates,* 521 S.W.2d at 390.

The only boundaries which the General Assembly set in § 302.510 which are pertinent to this case concerning the arresting officer is that he must be certified by the Department of Safety's director and must be arresting for a violation of a municipal ordinance. Hamilton was certified and was arresting Sterneker for a violation of a Gallatin municipal ordinance. Were we to add to § 302.510 the requirements which the circuit court imposed, we would, in effect, be rewriting the statute. Because revocation of a driving license is a matter solely of statutory creation, the courts must follow the method provided by the General Assembly in Chapter 302, if it is adequate.

Sterneker does not contend that the procedures established in § 302.510 violated his due process rights or were inadequate in any other way. Indeed, the Supreme Court has ruled that the procedures in Chapter 302 are adequate to meet constitutional requirements of due process and equal protection. *Riche,* 987 S.W.2d at 336–37; *Stewart v. Director of Revenue,* 702 S.W.2d 472, 475 (Mo. banc 1986).

Sterneker's violation occurred inside Gallatin city limits. Hamilton, a certified law enforcement officer, endeavored to stop Sterneker's vehicle for speeding inside the city limits. Sterneker did not stop immediately; he drove his vehicle more than three miles before stopping outside the city limits. Hamilton had probable cause to arrest Sterneker for driving while intoxicated. Sterneker agreed to submit to a breath test which indicated

that his blood alcohol concentration was .173 percent. From these facts, we do not discern any barrier to the director's revoking Sterneker's driving license.

The circuit court, therefore, erred in overturning the director's decision. We reverse the circuit court's judgment and order the reinstatement of the director's revocation.

EDWIN H. SMITH, Presiding Judge, and FOREST W. HANNA, Judge, concur.

*Land Encumb. with Delinq. Tax Liens,* 555 S.W.2d 293 (Mo. banc 1977)(considering whether making tax bills *prima facie* evidence of delinquency was *res judicata* in subsequent proceeding to set aside judgment for mistake of fact).

6. Wates involved collection of taxes, which, like suspension of a driving license, is a mat-

ter of administrative law. *Costello v. City of St. Louis,* 262 S.W.2d 591, 596 (Mo. 1953)("the proceedings preliminary to and the sale of property by the Collector for delinquent taxes is administrative in character")(overruled on other grounds by *Powell v. County of St. Louis,* 559 S.W.2d 189 (Mo. banc 1977)).