NO. 07-02-0456-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 3, 2003


______________________________



ROGER LYNN DAVIS
,




 Appellant


v.



JAMES R. ZELLER, 




 Appellee

_________________________________



FROM THE 258TH DISTRICT COURT OF POLK COUNTY;



NO. CIV19,795; HON. LEE ALLWORTH, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Appellant Roger Lynn Davis filed a notice of appeal on October 7, 2002. The
clerk's record was filed on October 29, 2002, and Davis' brief was due to be filed on
January 16, 2003. It was not filed, but instead Davis filed a document entitled "Appellant's
Request to Abate the Appeal and Request for Extension of Time Within Which to Obtain
a Ruling from the District Trial Court on a Postjudgment Request for Finding of Facts and
Conclusion of Law." On January 13, 2003, this court denied the motion to abate the
appeal and extended the deadline by which appellant was to file his brief to February 21,
2003. We also told him that the failure to file a brief by February 21st would result in the
dismissal of the appeal for want of prosecution. February 21st has lapsed and no brief has
been received.

 Accordingly, we dismiss the appeal pursuant to Texas Rule of Appellate Procedure
42.3(b) for want of prosecution.


 Per Curiam




 burden of proof. Dennis v. State, 151 S.W.3d 745, 752
(Tex. App.-Amarillo 2004, pet. ref'd) (rejecting a claim of ineffective assistance when
appellant failed to brief the topic of prejudice).

 Second, the claim of ineffectiveness must be firmly founded in the record. 
Thompson v. State, 3 S.W.3d 808, 813 (Tex. Crim. App. 1999). Here, the record fails to
disclose the contents of the purported plea offer. Given this, we have no basis to assess
whether he was harmed. Indeed, it may well be that the offer involved punishment more
onerous than that ultimately levied. We do not know and cannot speculate on it.

 Nor are we cited to evidence of record illustrating that appellant would have
accepted the offer had he been told of it, assuming of course appellant was not told of it. 
This too is fatal to appellant's contention. See Dickerson v. State, 87 S.W.3d 632, 638
(Tex. App.-San Antonio 2002, no pet.) (holding that an appellant must show that he would
have accepted the plea offer). 

 Finally, regarding the allegation that counsel failed to undertake sufficient
investigation on behalf of appellant, the latter does not inform us of what, if anything,
further investigation would have uncovered. Nor does he explain how any matter
discovered, had such an investigation occurred, would have benefitted him. This too
renders his contentions deficient. See Rodriguez v. State, 74 S.W.3d 563, 566 (Tex.
App.-Amarillo 2002, pet. ref'd) (holding that an abuse of discretion cannot be found in
rejecting a claim of ineffective assistance when appellant does not illustrate how the failure
to secure evidence would have benefitted his defense). 

 Accordingly, we overrule appellant's sole issue and affirm the judgment of the trial 
court.


 Brian Quinn 

 Chief Justice 


Do not publish.