Tracy L. SIEHNDEL, Respondent,

v.

Carol RUSSELL–FISCHER, Appellant.

No. WD 62003.

Missouri Court of Appeals,
Western District.

Sept. 9, 2003.

Dustin Allison, Cheryl Schutze, Jefferson City, for Appellant.

Michael Reardon, Kansas City, Anthony Sicola, North Kansas City, for Respondent.

PAUL M. SPINDEN, Presiding Judge.

Carol Russell–Fischer, director of the Department of Revenue, appeals from the circuit court's judgment to set aside her decision to revoke Tracy L. Siehndel's driving license. We reverse the circuit court's judgment and remand with instructions that the circuit court reinstate Russell–Fischer's decision.

Revocation of Siehndel's license grew out of an incident during the early morning hours of January 12, 2002. Northmoor police officer Seth Brody saw Siehndel's car traveling in the darkness without its headlights on. The car was in Kansas City on Vivion Road when Brody, who was certified by the director of the Department of Public Safety as a peace officer, first saw it. Brody followed the car, which traveled onto Interstate 29.

As Siehndel's car entered the interstate highway, Siehndel turned on the car's headlights. A few minutes later, the car entered the city limits of Northmoor.[1] Brody testified that, as the car traveled through Northmoor, he saw the car veer out of its lane. He activated his emergency lights and siren to stop the car. Siehndel stopped her car just after it left Northmoor and re-entered Kansas City.

As Brody talked to Siehndel, he detected the odor of alcoholic beverages on her breath. She admitted that she had drunk six cans of beer, and she performed poorly on field sobriety tests administered by Brody. Brody arrested Siehndel and cited her for violating three Northmoor ordinances: driving while intoxicated, failing to maintain a single lane, and failing to provide proof of financial responsibility. The arrest occurred, and Brody issued the citations, in Kansas City.

After the director revoked Siehndel's driving license and that decision was sustained on administrative review, Siehndel filed a petition for a trial *de novo* in circuit court. The circuit court ordered reinstatement of Siehndel's driving license after ruling that Siehndel had not violated any Northmoor ordinance. The circuit court concluded that, without an ordinance viola-

1. Although Russell–Fischer concedes that the record contains conflicting evidence concerning whether or not Interstate 29 passes through Northmoor, we take judicial notice that it does. We may take judicial notice of geographical facts, including Missouri's official highway map. *State v. Hammons,* 964 S.W.2d 509, 514 (Mo.App.1998). The official highway map indicates that Interstate 29 passes through Northmoor's northeastern portion.

tion, Brody did not have probable cause to arrest Siehndel. Russell–Fischer appeals.

In a trial *de novo* from an administrative revocation under § 302.505,[2] the circuit court is to determine whether or not a law enforcement officer arrested the driver on probable cause for believing that she had violated an alcohol-related offense and whether or not the driver had been driving with a blood alcohol concentration of .08 percent or higher. Sections 302.505 and 302.535, RSMo; *Turrell v. Missouri Department of Revenue,* 32 S.W.3d 655, 657 (Mo.App.2000). If a municipal ordinance prohibiting driving while intoxicated is to serve as the basis for revocation, the circuit court must also determine whether or not the director of the Department of Public Safety had certified the arresting officer. Section 302.510.3, RSMo 2000; *Roach v. Director of Revenue,* 941 S.W.2d 27, 30 (Mo.App.1997).

In reviewing the circuit court's judgment, we are obligated to affirm it unless it is not supported by substantial evidence, or it is against the weight of evidence, or it erroneously declares or applies the law. *Carr v. Director of Revenue,* 95 S.W.3d 121, 123 (Mo.App.2002).

In her only point in challenging the circuit court's judgment, Russell–Fischer argues that the circuit court erroneously declared and applied the law in setting aside the revocation of Siehndel's driving license. She argues that she established an unrebutted, *prima facie* case and that the circuit court erred in requiring her to prove that Siehndel violated a Northmoor ordinance. We agree.

■ The General Assembly has not assigned to the director the burden of proving that a driver violated a traffic law before revoking her driving license. Because revocation of a driving license is a matter of statutory creation, we must strictly construe the procedures set out by the General Assembly, so long as they are adequate to satisfy requirements of due process. *Sterneker v. Director of Revenue,* 3 S.W.3d 808, 811 (Mo.App.1999).

■ Siehndel argues that Brody was no longer a law enforcement officer for purposes of § 302.510 because he was outside his jurisdiction when he arrested her. We addressed this issue in *Jennings v. Director of Revenue,* 992 S.W.2d 249 (Mo. App.1999), and *Sterneker v. Director of Revenue,* 3 S.W.3d 808 (Mo.App.1999). In both cases, officers saw a traffic violation within their jurisdiction, initiated pursuit within their jurisdiction, followed the vehicle into another jurisdiction, and made an arrest for violation of their jurisdiction's ordinances. In both cases, we ordered reinstatement of the director's revocation. That an officer leaves his jurisdiction does not mean that he ceases to be a law enforcement officer for purposes of § 302.510. The General Assembly's only requirements are that the law enforcement officer be certified by the director of the Department of Public Safety and be arresting for violation of a municipal ordinance. *Jennings,* 992 S.W.2d at 251; *Sterneker,* 3 S.W.3d at 810. The director established both requirements in this case.

■ Siehndel contends, however, that *Jennings* and *Sterneker* are factually distinguishable from her case. She argues that Brody did not see her violate a Northmoor ordinance because she was never in Northmoor. We have already determined that Siehndel *was* in Northmoor, though only briefly, but we agree that her car's traveling through Northmoor did not establish conclusively that Brody saw Siehndel do something that would have

**2.** All citations to statutes refer to the 2000 Revised Statutes.

given him probable cause to believe that she had violated a Northmoor ordinance and justify his stopping her. Whether or not Brody had probable cause to stop Siehndel, however, is irrelevant in a revocation proceeding. The probable cause to arrest may be developed after the stop. *McCoy v. Director of Revenue*, 71 S.W.3d 688, 690 (Mo.App.2002).

Siehndel contends that she was never under arrest, so § 302.505 was not applicable. She is wrong. Brody announced to Siehndel that she was under arrest. He informed her of her basic constitutional rights and took her into custody for interrogation and administering of a breath test. Siehndel submitted to Brody's custody. This submission to custody was sufficient to meet the director's burden of establishing an arrest. *Innis v. Director of Revenue*, 83 S.W.3d 691, 696 (Mo.App. 2002).

Siehndel further asserts that she could not be deemed to be under arrest because Brody was outside his jurisdiction when he arrested her; therefore, the arrest was unlawful and void. We need not concern ourselves with the lawfulness of Brody's arrest. This is a civil proceeding. *Brown v. Director of Revenue*, 85 S.W.3d 1, 3 (Mo. banc 2002). In *Strode v. Director of Revenue*, 724 S.W.2d 245, 248 (Mo. banc 1987), the Supreme Court expressly reserved for another day the question of whether an administrative revocation under § 302.505.1 must be based on a valid arrest. That day came when the Supreme Court declared, in *Riche v. Director of Revenue*, 987 S.W.2d 331, 336 (Mo. banc 1999), that the exclusionary rule is inapplicable in an administrative revocation under § 302.505.1 because it is a civil proceeding.

Even before *Riche*, we expressly rejected the contention that evidence obtained as a result of an illegal arrest must be suppressed in a § 302.505.1 proceeding.

Because the evidence in a civil proceeding is not subject to the exclusionary rule, we determined that the illegality of the arrest did not require that we discard the evidence to the detriment of the director's suspension of driving privileges. *Kimber v. Director of Revenue*, 817 S.W.2d 627, 630–32 (Mo.App.1991). Implicit in that holding was an understanding that the legality of the arrest, aside from the statutory requirement that it be based upon probable cause, was not an issue. Indeed, that we even reach the issue of whether or not evidence obtained during an illegal arrest is admissible establishes that the legality of the arrest is inconsequential. Were it otherwise, broaching the subject of the exclusionary rule and determining its applicability would be wholly irrelevant. The concern would not be whether or not evidence of intoxication obtained during an illegal arrest was admissible, but rather that we must set aside the revocation because no arrest had occurred thwarting the director from establishing a *prima facie* case.

The only conclusion that can be drawn from *Riche* and *Kimber* is that the legality of an arrest is of no consequence in a civil revocation proceeding. *See, e.g., Peters v. Director of Revenue*, 35 S.W.3d 891, 895 (Mo.App.2001); *Keaveny v. Director of Revenue*, 962 S.W.2d 904, 906 (Mo.App. 1998); *Tidwell v. Director of Revenue*, 931 S.W.2d 488, 491–92 (Mo.App.1996).

Siehndel did not object to Brody's testimony concerning his observations of her intoxicated state or to the results of a breath test establishing that her alcohol content was over .08 percent. Indeed, she does not dispute that she was intoxicated. Brody observed numerous indications of intoxication, including a strong odor of alcohol on the breath, watery and bloodshot eyes, unsteadiness, difficulty in comprehending instructions, and poor perform-

ance on the field sobriety tests. Clearly, when Brody arrested Siehndel, he had probable cause to believe that she had been driving while intoxicated.

Because the evidence established that Brody, a certified peace officer, arrested Siehndel on probable cause to believe that she had committed an alcohol-related traffic offense in violation of a Northmoor ordinance, and that her blood alcohol concentration was more than .08 percent, the circuit court erred in setting aside the revocation. We, therefore, reverse the circuit court's judgment and remand the case with instructions that the circuit court reinstate the director's revocation of Siehndel's driving license.

THOMAS H. NEWTON, Judge, and RONALD R. HOLLIGER, Judge, concur.

Before SMART, P.J., ULRICH and HARDWICK, JJ.