■
**Andrew M. GEIST, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. ED 85361.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 6, 2005.

Casey J. Welch, Hannibal, MO, for respondent.

Cheryl A. Caponegro Nield, Jefferson City, MO, for appellant.

## OPINION

GLENN A. NORTON, Chief Judge.

The Director of Revenue appeals the judgment reinstating Andrew Geist's driving privileges. We reverse and remand with directions.

## I. BACKGROUND

Geist's driving privileges were suspended for driving while intoxicated, and he sought a trial *de novo*. At trial, the Monroe City police officer who arrested Geist testified that he observed Geist swerve and run off the road in Monroe City. The officer followed him and activated the lights on his police car, but Geist continued driving out of Monroe City. Geist testified that he did not see the officer's lights behind him until he was outside the city limits, where he was eventually stopped. When the officer came into contact with Geist, he detected a "faint to moderate" odor of intoxicants on Geist's breath. The officer also testified that Geist was argumentative, that his eyes were a little bit dilated and that he swayed a little bit when he walked. The officer observed six clues indicating intoxication during the gaze nystagmus test and testified that Geist did not perform the walk-and-turn test as instructed. The officer did not administer the one-leg stand test because Geist told him he had a bad knee.

The officer arrested Geist for driving while intoxicated and took him back to the police station in Monroe City. There, he performed a breath test, which revealed that Geist's blood alcohol concentration was .214%.[1] The officer stated that he was

---

1. The legal limit is "eight-hundredths of one percent or more by weight." Section 302.505.1.

with Geist for 15 minutes before the breath test was administered, but Geist testified that the officer left at some point during those 15 minutes. He could not remember for sure, but Geist knew he was having trouble with his asthma at that time and "could have" used his inhaler while the officer was away. Geist said that he blew several breaths into the breathalyzer. The officer explained that for the machine to get a result, there must be at least one breath of sufficient length. If none of Geist's breath samples were sufficient, then the machine would have indicated "invalid sample," which it did not do.

The trial court reinstated Geist's driving privilege on the following findings:

1. The arresting Officer's testimony concerning [Geist's] operation of his vehicle within the City limits of Monroe City, Missouri, was not credible in that the Court finds from the testimony of the various witnesses and exhibits that the arresting Officer's observation and stop of [Geist] did not occur within the City limits of Monroe City, and that the Police Officer was a Monroe City Police Officer.

2. The arresting Officer lacked probable cause to arrest for an alcohol-related offense within the Police Officer's jurisdiction.

The Director appeals.[2]

## II. DISCUSSION

■ This Court will affirm the trial court's judgment unless there is no substantial evidence to support it, it is contrary to the weight of the evidence, or the court erroneously declared or applied the law. *Hinnah v. Director of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002). To suspend or revoke a driver's license for an alcohol-related offense, the Director must

show by a preponderance of the evidence that the arresting officer had probable cause to arrest the driver for driving while intoxicated and that the driver's blood alcohol concentration exceeded the legal limit. *Frick v. Director of Revenue,* 133 S.W.3d 66, 68 (Mo.App. E.D.2003); *see also* section 302.505.1 RSMo 2000. We agree with the Director that in this case there was uncontroverted evidence both that Geist's blood alcohol concentration was over the legal limit and that the officer had probable cause to arrest Geist for driving while intoxicated. Moreover, as the Director argues, it is irrelevant that the arrest occurred outside of the officer's jurisdiction in this civil matter.

### A. Blood Alcohol Concentration

The trial court made no findings of fact or conclusions of law as to Geist's blood alcohol concentration; thus, we consider the issue as having been found in accord with the result reached. *See Hinnah,* 77 S.W.3d at 621. But the evidence that it was over the legal limit was uncontroverted in this case. The only conflicting testimony on this issue involved whether the officer left Geist alone at any point during the 15 minutes preceding the breath test. Even if that conflict was resolved in favor of the driver, the possibility that Geist "could have" used an inhaler before the test, without more, does not call the test results into question. Neither does any suggestion that the number of breaths he blew into the machine invalidated the results, especially in light of the officer's uncontradicted explanation that the machine did not indicate Geist's breath sample was invalid. Because the trial court made no specific findings as to the credibility of the officer's testimony regarding Geist's blood alcohol concentration, we will not presume that the court found a lack of

credibility on this issue and need not defer to the trial court's conclusion. *See Mathews v. Director of Revenue,* 8 S.W.3d 237, 238 (Mo.App. E.D.1999); *see also Hinnah,* 77 S.W.3d at 620.

### B. Probable Cause

■ Probable cause exists when the officer observes the unusual or illegal operation of a motor vehicle and observes indicia of intoxication upon coming into contact with the driver. *Parres v. Department of Revenue,* 75 S.W.3d 311, 314 (Mo. App. E.D.2002). The trial court made no specific finding that the officer's testimony on these issues lacked credibility. The only specific finding by the trial court regarding the officer's credibility involved *where* the officer claimed to have observed Geist, not what he observed Geist do while operating the car or after he was stopped. The officer's testimony regarding Geist's unusual driving and indicia of intoxication is uncontroverted. Other than counsel's attempt at trial to challenge the officer's qualifications to administer the gaze nystagmus test, Geist did not rebut the officer's testimony on these issues. Again, where the evidence is uncontroverted and there is no relevant credibility determination, we need not defer to the trial court's conclusion that the officer lacked probable cause. *See Hinnah,* 77 S.W.3d at 620; *Mathews,* 8 S.W.3d at 238. Evidence that Geist swerved and ran his car off the road, smelled of alcohol, had dilated eyes, swayed when he walked and performed poorly on two field sobriety tests was sufficient to demonstrate that the officer had probable cause to arrest him for driving while intoxicated. *See, e.g., Duckworth v. Director of Revenue,* 11 S.W.3d 658, 660 (Mo.App. E.D.1999) (prima facie case of probable cause made where car swerved several times and crossed center line twice, officer smelled alcohol on driver's breath and driver performed poorly on field sobriety tests); *Rogers v. Director of Revenue,* 947 S.W.2d 475, 477 (Mo.App. E.D.1997) (probable cause established where car struck parked vehicle, driver had slurred speech, dilated pupils, bloodshot eyes, moderate smell of alcohol on breath, sway to his walk and completed field sobriety tests to varying degrees of success).

■ Finally, to the extent that the trial court's findings suggest that the arrest was illegal because it occurred outside the officer's jurisdiction [3] and that is why the officer lacked probable cause, the court misapplied the law. The legality of the arrest, aside from the statutory requirement that it be based on probable cause, "is of no consequence in a civil revocation proceeding." *Siehndel v. Russell–Fischer,* 114 S.W.3d 449, 452 (Mo.App. W.D.2003). This conclusion derives from the principle that the exclusionary rule, which prohibits the use of illegally-obtained evidence in criminal prosecutions, does not apply in administrative revocations and suspensions because they are civil proceedings. *See Riche v. Director of Revenue,* 987 S.W.2d 331, 333–36 (Mo. banc 1999).

Point granted.

### III. CONCLUSION

The judgment is reversed. The case is remanded with directions to enter a judgment reinstating the suspension of Geist's driving privileges.

---

**3.** Presumably such a conclusion would be based on Monroe City's status as a fourth class city and the case law holding that "[a] police officer of a fourth class city may not stop and arrest an individual beyond the city's limits, even if the officer unsuccessfully attempts to stop the suspect within the city's territorial jurisdiction." *Kimber v. Director of Revenue,* 817 S.W.2d 627, 631 (Mo.App. W.D. 1991).

CLIFFORD H. AHRENS, J. and KENNETH M. ROMINES, J., concurring.