NO. 07-05-0029-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 7, 2006

_____

AARON FLORES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2004-488,881; HON. LARRY B. LADD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Alleging ineffective assistance of counsel, appellant attacks his conviction for assault/domestic violence.  Counsel was purportedly ineffective because he did not disclose to appellant a plea offer made by the State and failed to conduct a proper investigation.  We overrule the issue and affirm the judgment for the following reasons.

First, one alleging that his counsel was ineffective has the burden to prove not only deficient performance but also prejudice.  *Andrews v. State,* 159 S.W.3d 98, 101 (Tex.

Crim. App. 2005); *Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). If either or both requirements of the test go unsatisfied, then the claim must be rejected. *Bone v. State*, 77 S.W.3d at 833 n.8. Here, appellant did not attempt to show how any of the purported deficiencies about which he complains created a reasonable probability that the result of his trial would have differed. That matter went unaddressed in his brief. Consequently, he failed to carry his burden of proof. *Dennis v. State*, 151 S.W.3d 745, 752 (Tex. App.–Amarillo 2004, pet. ref'd) (rejecting a claim of ineffective assistance when appellant failed to brief the topic of prejudice).

Second, the claim of ineffectiveness must be firmly founded in the record. *Thompson v. State,* 3 S.W.3d 808, 813 (Tex. Crim. App. 1999). Here, the record fails to disclose the contents of the purported plea offer. Given this, we have no basis to assess whether he was harmed. Indeed, it may well be that the offer involved punishment more onerous than that ultimately levied. We do not know and cannot speculate on it.

Nor are we cited to evidence of record illustrating that appellant would have accepted the offer had he been told of it, assuming of course appellant was not told of it. This too is fatal to appellant's contention. *See Dickerson v. State,* 87 S.W.3d 632, 638 (Tex. App.–San Antonio 2002, no pet.) (holding that an appellant must show that he would have accepted the plea offer).

Finally, regarding the allegation that counsel failed to undertake sufficient investigation on behalf of appellant, the latter does not inform us of what, if anything, further investigation would have uncovered. Nor does he explain how any matter discovered, had such an investigation occurred, would have benefitted him. This too

renders his contentions deficient. *See Rodriguez v. State,* 74 S.W.3d 563, 566 (Tex. App.–Amarillo 2002, pet. ref'd) (holding that an abuse of discretion cannot be found in rejecting a claim of ineffective assistance when appellant does not illustrate how the failure to secure evidence would have benefitted his defense).

Accordingly, we overrule appellant's sole issue and affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.