NO. 07-05-0189-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 31, 2006
_____

VICTOR VEGA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 3924; HON. STEVEN EMMERT, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant, Victor Vega, appeals from an order adjudicating his guilt for aggravated sexual assault (of a minor) and sentencing him to ten years imprisonment. The trial court originally deferred the adjudication of his guilt and placed him on probation. Thereafter, the State moved to adjudicate guilt because he purportedly violated several conditions of his community supervision. After appellant pled true to various of the State's allegations, the trial court granted the motion, adjudicated him guilty, and levied the aforementioned

sentence. Before us, appellant contends that he was denied the effective assistance of counsel which denial affected his punishment. We overrule the issue and affirm the judgment of the trial court.

To prevail on a claim of ineffective assistance, the claimant has the burden to prove not only deficient performance but also prejudice. *Andrews v. State,* 159 S.W.3d 98, 101 (Tex. Crim. App. 2005); *Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). If either or both requirements go unsatisfied, then the claim must be rejected. *Bone v. State,* 77 S.W.3d at 833 n.8. Additionally, the claim of ineffectiveness must be firmly founded in the record. *Thompson v. State,* 3 S.W.3d 808, 813 (Tex. Crim. App. 1999). Finally, one is prejudiced by deficient performance when the circumstances establish a reasonable probability that, but for the conduct, the result of the proceeding would have differed. *Andrews v. State*, 159 S.W.3d at 102.

The allegedly deficient performance here consisted of trial counsel admitting into evidence (at the adjudication hearing) the entire file of the probation department and, in effort to obtain leniency here, alluding to other cases wherein the trial court evinced leniency. Regarding the former, the file contained information indicating that appellant had forcibly raped the 15-year-old victim; the trial court originally believed that he had simply engaged in voluntary sex with a minor or committed statutory rape. Regarding the latter (*i.e.* counsel's argument), the words used depicted more of a challenge to the trial court to be lenient given the court's actions in other cases purportedly of greater severity. Assuming *arguendo* that these instances arose to the level of unreasonably defective performance, we nonetheless conclude that appellant failed to establish that they resulted in prejudice.

2

The record discloses that of the various conditions of his probation, appellant violated those obligating him to pay costs of court, to pay community supervision fees, to refrain from having physical contact with minors, and to attend counseling sessions and pay counseling fees. Moreover, appellant pled true to all but one, though the trial court ultimately found all the allegations of the State to be true. Next, evidence presented at the hearing disclosed that appellant had also gone to Mexico while on probation and without permission from his probation officer. And, regarding the condition concerning the avoidance of physical contact with a minor, the evidence illustrated that appellant cohabitated with a 16-year-old female while serving his community supervision. And, aside from alluding to the trial court's surprise in discovering that appellant actually raped the 15-year-old victim, we are cited to nothing suggesting that the trial court had a tendency to retain felons on probation after they left the country without permission, engaged in physical/sexual contact with minors contrary to court order, and otherwise violated the terms of their probation. Furthermore, it may be that the trial court evinced surprise in discovering the instance of forcible rape. Yet, it does not logically follow that had the information remained unknown to the court, it would have allowed appellant to remain free. Nor can we escape the fact that the ten-year sentence levied was far less than the life term that the trial court could have assessed.

Simply put, we are left to speculate at what would have occurred had counsel neither introduced the file nor uttered the argument in question. And, speculation is not enough to establish a reasonable probability that the outcome would have differed but for those actions. Accordingly, appellant did not satisfy the burden imposed by *Andrews*, *Bone*, or *Thompson*; so, we affirm the trial court's judgment.

3

Brian Quinn
Chief Justice

Do not publish.