Johnny Ray **MASON**, Respondent,

v.

**DIRECTOR OF REVENUE**, State of Missouri, Appellant.

No. SD 30160.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 9, 2010.

Motion for Rehearing or Transfer to Supreme Court Denied Aug. 31, 2010.

Application for Transfer Denied Oct. 26, 2010.

Chris Koster, Attorney General and Jonathan H. Hale, Assistant Attorney General, Jefferson City, MO, for Appellant.

Kerry G. Rowden, Tuscumbia, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Judge.

The Director of Revenue ("Director") revoked the driving privileges of Johnny Ray Mason (Respondent) pursuant to section 577.041.[1] The trial court reversed the revocation after finding there was no lawful arrest of Respondent. Director appeals that finding. We reverse and remand.

### Facts and Procedural Posture

On July 14, 2008, Officer Skinner ("Officer") of the Lake Ozark Police Department observed Respondent driving erratically and initiated a traffic stop. The Officer activated his emergency lights and siren within the city limits of Lake Ozark, Miller County, Missouri, but Respondent did not stop until he was just inside the city limits of Osage Beach, Camden County, Missouri. The Officer noted Respondent had a strong odor of alcohol, watery and glassy eyes, slurred speech, and he was stumbling. Respondent admitted that he had been drinking and agreed to submit to field sobriety testing. He performed poorly on all three standardized tests, exhibiting numerous *indicia* of intoxication, whereupon the Officer arrested him for DWI. At the police department, the Officer read the implied consent notification and requested Respondent submit to a breath test, but Respondent refused.

The trial court conducted a hearing on June 19, 2009. Judgment was entered on July 28, 2009. The trial court found in part: "R. S. Mo. Section 577.041.4 requires the driver to be under lawful arrest. The Court finds no lawful arrest occurred." The judgment found the revocation was null and void.

### Standard of Review

"Appellate review of judgments relating to revocation of driving privileges for failure to take a chemical test is governed by *Murphy v. Carron[*, 536 S.W.2d 30 (Mo. banc 1976) ]." *Jarrell v. Director of Revenue*, 41 S.W.3d 42, 46 (Mo.App. S.D.2001). Therefore, "the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy*, 536 S.W.2d at 32. We review *de novo* Appellant's statutory arguments. *Ross v. Director of Revenue*, 311 S.W.3d 732, 735 (Mo. banc 2010).

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

## Point Relied On

Director contends it was error for the trial court to reinstate the driving privileges of Respondent because section 577.041 does not require a lawful arrest as an element in completing revocation and that the trial court erroneously declared and applied the law. Respondent contends there was no arrest because the officer who stopped Respondent was outside of his city and county limits so that he had no legal authority and could not properly make an arrest. The sole issue for determination by this Court is whether there was an arrest to support revocation pursuant to section 577.041.

Section 577.041.4 requires three elements the trial court must find in order to uphold the Director's revocation of a person's driving privileges for refusal to submit to a chemical test: (1) the driver was arrested; (2) the arresting officer had reasonable grounds to believe the driver was driving while intoxicated; and (3) the driver refused to submit to a chemical test. *Jarrell v. Director of Revenue*, 41 S.W.3d 42, 43 (Mo.App. S.D.2001).

Director argues the circuit court erroneously declared and applied the law by construing Section 577.041.4(1) to require a lawful arrest to support a refusal revocation. We agree. Director's point is granted. Director relies on *Ross v. Director of Revenue*, 311 S.W.3d 732 (Mo. banc 2010). The defendant in *Ross* was arrested for possession of drug paraphernalia and careless and imprudent driving at the scene of a single-vehicle accident. *Id.* at 733–34. After failing a series of sobriety tests administered at the detention facility, the defendant was arrested for driving while intoxicated. *Id.* at 734. However, the warrantless DWI arrest was untimely because the defendant was not arrested within 90 minutes of the alleged violation as required by section 577.039. *Id.* at 734. Nonetheless, the defendant's driving privileges were revoked because she refused to submit to a breathalyzer test. *Id.*

At the review hearing, the defendant challenged the refusal revocation, arguing she was not arrested for revocation purposes because her DWI arrest was unlawful. *Ross*, 311 S.W.3d at 735. The Missouri Supreme Court upheld the revocation. *Id.* at 737. In reaching its holding, the Court noted that the lawfulness of the defendant's arrest does not affect whether the defendant was arrested for purposes of section 577.041. *Id.* at 736.

Respondent argues that there was not an arrest because the officer was outside his city limits and without legal authority to arrest. The driver in *Kimber v. Director of Revenue*, 817 S.W.2d 627, 628–29 (Mo.App. W.D.1991), attempted an argument similar to that of Respondent. The court there found that an arrest by a fourth class city police officer outside the city was unlawful; nevertheless, the court found that the evidence of the arrest, and the subsequent breathalyzer results, were admissible in an action to suspend the driver's license pursuant to sections 302.500–.540, RSMo 1986 "because the exclusionary rule is inapplicable in civil proceedings." *Kimber*, 817 S.W.2d at 632.

*Geist v. Director of Revenue*, 179 S.W.3d 391, 394 (Mo.App. E.D.2005), directed a similar result. In *Geist*, a municipal police officer of Monroe City observed the defendant driving erratically within the city limits, however; the officer did not stop the defendant until he was outside of the city limits. *Id.* at 392. The Director revoked the defendant's driving privileges after he was arrested for DWI. *Id.* The defendant challenged the legality of the arrest, arguing *inter alia* that the arresting officer lacked the authority to make the arrest outside of the city limits. *Id.* at 394. The court ruled that "[t]he legality of the arrest ... 'is of no consequence in a civil

revocation proceeding.'" *Geist,* 179 S.W.3d at 394 (quoting *Siehndel v. Russell–Fischer,* 114 S.W.3d 449, 452 (Mo.App. W.D.2003)).

There was an arrest as required by section 577.041.4 to support revocation of the Respondent's driving privileges. The trial court erroneously declared and applied section 577.041.4 by concluding a lawful arrest was required; therefore, the judgment of the trial court is reversed and this case is remanded with directions to enter judgment consistent with this opinion and revoking the driving privileges of Respondent, pursuant to section 577.041.

LYNCH, P.J., and RAHMEYER, J., Concur.